| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Compel Arbitration (Doc. 11)

Defendants TIC – The Industrial Company ("TIC") and Kiewit Corporation move to compel arbitration of Plaintiff Ronny Jay Archer's employment discrimination claims. We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Accordingly, we rule as follows:

**I.    Background**

In June 2011, TIC hired Plaintiff to work as a heavy equipment operator and backhoe driver. Doc. 1-1, ¶ 11. In February 2015, Plaintiff was diagnosed with cancer, and required immediate surgery and treatment. ¶ 15. TIC allowed Plaintiff to take FMLA leave and short-term disability benefits. *Id.* On August 10, 2015, TIC terminated Plaintiff, explaining that his FMLA leave and short-term benefits had been exhausted. ¶ 16. The next day, Plaintiff's physician provided TIC with documentation indicating that Plaintiff was able to return to work, provided he perform only light-duty work for three weeks. ¶ 17. TIC refused to reinstate Plaintiff. ¶ 20.

On July 1, 2016, Plaintiff filed a complaint in Ventura County Superior Court against TIC and its parent company, Kiewit Corporation. Doc. 1-1. The complaint asserts state-law claims for (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in the interactive process, (4) failure to maintain a discrimination-free environment, (5) violation of the California Family Rights Act, (6) retaliation, and (7) age discrimination. *Id.* at 3. On September 2, 2016, Defendants removed the case pursuant to 28 U.S.C. § 1441, asserting federal jurisdiction under 28 U.S.C. § 1332. Doc. 1, ¶ 6. Defendants now move to compel arbitration. Doc. 8.

**II.   The Arbitration Provision**

TIC's employment application includes a provision entitled "Arbitration of Certain Disputes." This provision – referred to hereinafter as the "Arbitration Provision" – states:

**FILED**
**JS-6 (STAYED)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

> [A]ll claims seeking damages (including punitive damages), injunctive relief, reinstatement and/or any other legal or equitable form of relief arising out of or in any way related to your employment are all subject to final and binding arbitration in accordance with the most current Rules of the American Arbitration Association for the Resolution of Employment Disputes. 'Claims', as used herein, includes, but is not limited to, disputes, claims and/or cause of action alleging personal injury . . . discrimination, . . . failure to hire or to promote, wrongful termination, breach of contract (actual or implied), . . . and/or any other claim or cause of action arising in contract and/or tort. 'Arising out of or in any way related to your employment' as used herein, includes, but is not limited to: (a) claims against TIC, TIC's parent, sister or subsidiary corporations and any affiliates, partners, or joint venturers of TIC; (b) claims against any person, company or entity (or any of their property) for whom or with whom TIC has done or may be doing work at any time during your employment; (c) claims against any person, company or entity to whom TIC owes any duty of indemnity.

Doc. 8-1 at 2.

Defendants produce evidence that Plaintiff twice agreed to be bound by the Arbitration Provision. On June 6, 2011, Plaintiff signed and dated immediately below the following text:

> I ACKNOWLEDGE THAT I HAVE READ AND FULLY UNDERSTAND THE SECTIONS OF THIS APPLICATION ENTITLED 'ARBITRATION' AND 'NOTICE TO APPLICANTS' AND I FURTHER UNDERSTAND THAT, IF EMPLOYED BY TIC, MY EMPLOYMENT AND ANY POST-EMPLOYMENT MATTERS RELATING TO, OR ARISING OUT OF MY EMPLOYMENT WILL BE SUBJECT TO THE CONDITIONS STATED THEREIN AND THAT THOSE CONDITIONS ARE EXPRESS CONDITIONS PRECEDENT TO MY EMPLOYMENT.

*Id.* The same day, Plaintiff signed and dated a copy of TIC's Jobsite and Drug and Alcohol Policies. This form contained the following language:

> [T]he undersigned hereby understands, agrees and acknowledges: . . . That he/she has read the arbitration requirements detailed in both the foregoing jobsite policies . . . and his/her employment application and agrees to be bound by those requirements both during his/her employment with TIC and at all times thereafter.

Doc. 8-2 at 21.

*FILED*
*JS-6 (STAYED)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

### III. Legal Standards

#### A. The Federal Arbitration Act ("FAA")

The FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party to an arbitration agreement may petition a district court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." § 3. When confronted with such a motion, a court must determine whether the agreement is enforceable and whether it applies to the dispute in question. If both questions are answered in the affirmative, the court must enforce the agreement as written. *See* § 4 ("upon being satisfied that the making of the agreement to arbitrate or the failure to comply therewith is not in issue," the court must enforce the agreement); *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir 2000).

Arbitration provisions are subject to "generally applicable contract defenses, such as fraud, duress, or unconscionability." 9 U.S.C. § 2. State law ordinarily determines the scope of these defenses. *See Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686 (1996). However, the FAA preempts any state-law defense "that appl[ies] only to arbitration or that derive[s] [its] meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing *Doctor's Associates*, 517 U.S. at 687). Moreover, "even generally applicable state-law rules are preempted if in practice they have a disproportionate impact on arbitration or interfere with fundamental attributes of arbitration . . . ." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1159 (9th Cir. 2013) (quoting *Concepcion*, 563 U.S. at 342–44). The party opposing arbitration bears the burden of showing that the arbitration provision is unenforceable. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

#### B. Unconscionability

In California, a contract provision that is both procedurally and substantively unconscionable is unenforceable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 114 (2000). Procedural unconscionability is concerned with "oppression" or "surprise," while substantive unconscionability is concerned with "overly harsh" or "one-sided" results. *Id.* (citation omitted). Both forms of unconscionability must be present to render a provision unenforceable, but courts apply a sliding scale, such that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

FILED
JS-6 (STAYED)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

**IV.    Analysis**

Plaintiff argues that the Arbitration Provision should not be enforced because it is procedurally and substantively unconscionable. His arguments are not persuasive.[1]

**A.    Procedural Unconscionability**

Plaintiff argues that the Arbitration Provision is procedurally unconscionable because (1) it is a contract of adhesion which Plaintiff was required to sign as a condition of employment, and (2) TIC did not provide Plaintiff with a copy of the American Arbitration Association ("AAA") rules.

1.    Contract of Adhesion

A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113. "It is well settled that adhesion contracts in the employment context . . . typically contain some aspects of procedural unconscionability." *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1470 (2013) (citation and quotation marks omitted). However, "the adhesive aspect of an agreement is not dispositive." *Id.* When "there is no other indication of oppression or surprise, the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high." *Id.*

The Arbitration Provision is a standardized, form contract, imposed and drafted by TIC. It specifically states that acceptance of the Arbitration Provision is "an express condition[] precedent to . . . employment." Doc. 8-1 at 2. Defendants present no evidence that TIC explained the Arbitration Provision to Plaintiff or gave him the opportunity to opt out. There can thus be little doubt that the Arbitration Provision is a contract of adhesion. *Accord Jackson v. TIC – The Industrial Company*, No. 1:13-CV-02088-AWI, 2014 WL 1232215, at *6 (E.D. Cal. Mar. 24, 2014).

Because the Arbitration Provision is a contract of adhesion, it is necessary to proceed to the next step of the procedural unconsionability analysis, which asks whether there is evidence of oppression or surprise. *See Peng*, 219 Cal. App. 4th at 1470. Plaintiff argues that the Arbitration Provision is surprising and oppressive because it deprives him of his right to a civil jury trial without his knowledge. Doc. 13 at 9 ("Mr. Archer was not told that he was giving up an important Constitutional right – a right to a trial by jury."). The FAA prevents us from accepting this argument. As the Ninth Circuit recently explained, courts cannot apply state law in a manner that would invalidate every contract of adhesion that requires waiver of the civil jury right. *Mortensen*, 722 F.3d at 1160 (Montana's application of its

---

[1] The court rejected similar arguments in *Jackson v. TIC – The Industrial Company*, No. 1:13-CV-02088-AWI, 2014 WL 1232215, at *1 (E.D. Cal. Mar. 24, 2014), a case dealing with the same arbitration provision.

| | FILED |
| --- | --- |
| | JS-6 (STAYED) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
| --- | --- | --- | --- |
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

unconsionability doctrine, which invalidated provisions requiring waiver of civil jury right unless explained to and initialed by consumer, was preempted by the FAA). Such a rule would "disproportionally affect[] arbitration agreements," which the FAA does not allow. *Id.* (citing *Concepcion*, 563 U.S. at 341).

Plaintiff also argues that the Arbitration Provision is surprising or oppressive because TIC failed to provide a copy of the governing AAA rules. California courts have repeatedly rejected similar arguments. *See Peng*, 219 Cal. App. 4th at 1472 (employer's failure to attach AAA rules did not add to procedural unconscionability); *Jackson*, 2014 WL 1232215, at *7 ("incorporation of the AAA rules does not mandate a finding that TIC's arbitration provision is procedurally and substantively unconscionable"); *Collins v. Diamond Pet Food Processors of Cal.*, LLC, No. 2:13-CV-00113-MCE, 2013 WL 1791926, at *5 (E.D. Cal. Apr. 26, 2013) ("Numerous courts have concluded that incorporation of the AAA rules by reference into an otherwise valid arbitration agreement does not render such an agreement procedurally unconscionable.") (citations omitted).[2]

Plaintiff provides no other evidence of oppression. Nor is there anything to indicate that the Arbitration Provision is unduly surprising. As the court explained in *Jackson*, TIC's "arbitration provision [is] clearly labeled as such and set apart from other sections in [TIC's] applications for employment. It appeared immediately below a portion of the document that applicants were required to complete, and on the same page as a signature line requiring an acknowledgment of the arbitration provision." 2014 WL 1232215, at *6. Moreover, Plaintiff acknowledged the Arbitration Provision twice: once on his application for employment and once on the Jobsite and Drug and Alcohol Policies.

In sum, even though the Arbitration Provision is a contract of adhesion, and even though TIC failed to provide a copy of the governing AAA rules, the degree of procedural unconscionability is low.

    **B.**    **Substantive Unconscionability.**

Plaintiff argues that the Arbitration Provision is substantively unconscionable because it lacks mutuality and it fails to provide a neutral arbitrator.

        1.    <u>Mutuality</u>

In California, an agreement to arbitrate is unconscionable unless it provides a "modicum of

---

[2] Plaintiff's authorities are not to the contrary. In fact, the California Court of Appeal distinguished *each and every one* of Plaintiff's cases in holding that a contract of adhesion that incorporated the AAA rules by reference was not procedurally unconscionable. *See Peng*, 219 Cal. App. 4th at 1471–72 (distinguishing *Zullo v. Superior Court*, 197 Cal. App. 4th 477 (2011), *Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2013), *Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387 (2010), and *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702 (2014)).

| | | | FILED |
| | | | JS-6 (STAYED) |
| UNITED STATES DISTRICT COURT | | | |
| CENTRAL DISTRICT OF CALIFORNIA | | | |

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

bilaterality." *Armendariz*, 24 Cal. 4th at 117. As a general matter, this means that an employer must agree to arbitrate its disputes with its employees if it requires them to arbitrate their disputes against it. *See id.*; *see also Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1332 (1999) (a "unilateral obligation to arbitrate is . . . so one-sided as to be substantively unconscionable"). The symmetry need not be perfect: "'a contract can provide a 'margin of safety' that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable.'" *Armendariz*, 24 Cal. 4th at 117 (quoting *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1536 (1997)). Such an asymmetrical arrangement will withstand judicial scrutiny only if the need for asymmetry is "explained in the contract itself" or else "factually established" in litigation. *Id.* (citing *Stirlen*, 51 Cal. App. 4th at 1536).

Plaintiff argues that the Arbitration Provision fails this mutuality requirement "because it limits its coverage to claims brought by employees." Doc. 13 at 12. That is factually mistaken: the first sentence of the Arbitration Provision states that "TIC's arbitration policy applies to claims by the employee as well as claims by the employer." Doc. 8-1 at 2. Thus, TIC must arbitrate any claims "arising out of or in any way related to [the employee's] employment." *Id.* Apparently relying on this language, the court in *Jackson* concluded that the Arbitration Provision satisfied the mutuality requirement: "TIC has not excluded claims it may bring against an employee from the arbitration agreement. Accordingly, the claims subject to arbitration do not appear substantively unconscionable." 2014 WL 1232215, at *8.

This case presents an additional issue, not present in *Jackson*. TIC's parent company, Kiewit Corporation, is also named as a defendant and is also seeking to compel arbitration. The Arbitration Provision clearly requires employees to arbitrate any claims they may have against Kiewit Corporation. Doc. 8-1 at 2 (employees must arbitrate "claims against . . . TIC's parent"). But it is not clear that Kiewit Corporation is similarly bound; the Arbitration Provision applies to "claims by the employer," but does not define the term "employer" either to include or exclude companies related to TIC.

The Arbitration Provision does not offer any explanation as to why Kiewit Corporation should be allowed to avail itself of judicial remedies that are denied to TIC's employees. Nor have Defendants factually established the need for such an arrangement. If the Arbitration Provision were interpreted to establish such an asymmetrical arrangement, it would be at least somewhat substantively unconscionable. *See Armendariz*, 24 Cal. 4th at 117.

Such an interpretation need not be adopted, however. As explained, the Arbitration Provision does not define the term "employer." It is reasonable to read that term to include entities related to TIC that may interact with TIC's employees, such as Kiewit Corporation.[3] This interpretation is preferable

---

[3] It is common in employment law to use the term "employer" to encompass entities other than the direct employer. *See, e.g.*, 29 U.S.C. § 2611(4)(A)(ii) (FMLA, defining "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer"); *id.*, § 203(d) (FLSA, defining "employer" to include "any person acting directly or

**FILED**
**JS-6 (STAYED)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

to one that would render this portion of the Arbitration Provision substantively unconscionable. *See* Restatement (Second) of Contracts § 203 (1981) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.").

In any event, where the degree of procedural unconscionability is low – as is the case here – "the agreement will be enforceable unless the degree of substantive unconscionability is *high*." *Peng*, Cal. App. 4th at 1470 (emphasis added). We cannot say that it would be highly unconscionable if Kiewit Corporation were treated asymmetrically under the Arbitration Provision. Because Kiewit Corporation is neither the direct employer of TIC's employees nor a signatory to their employment contracts, it will rarely have claims to assert against them.

Because Plaintiff and Defendants alike are required to arbitrate claims arising out of Plaintiff's employment, the Arbitration Provision is not substantively unconscionable for lack of mutuality.[4]

2. <u>Neutral Arbitrator</u>

An arbitration provision is substantively unconscionable if it fails to provide a neutral arbitrator. *Armendariz*, 24 Cal. 4th at 103; *see also Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 825 (1981) (requiring that a "certain 'minimum levels of integrity' be achieved if [an arbitration arrangement] . . . is

---

indirectly in the interest of an employer in relation to an employee"); *id.*, § 1301(b)(1) (ERISA, providing that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer").

[4] Plaintiff objects that the Arbitration Provision is lacking in mutuality because employees are required to arbitrate "any dispute with any person or entity with whom they come into contact, in every contact that is 'in any way related to' their employment." Doc. 13 at 12. He argues that the Arbitration Provision could be construed to apply to a case where the employee was injured in the company parking lot by a former employee of an independent contractor. *Id.* Even assuming that Plaintiff's reading is correct and that it would be unconscionable to require arbitration in such a situation, it does not follow that the Arbitration Provision as a whole is unconscionable. *See Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1171 (S.D. Cal. 2011) ("A court determination that the arbitration agreement contains flawed provisions does not necessarily mean that the entire arbitration agreement is substantively unconscionable.") (citation omitted; alterations incorporated); Cal. Civ. Cod. § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may . . . so limit the application of any unconscionable clause as to avoid any unconscionable result.").

to pass judicial muster"). Plaintiff argues that the Arbitration Provision fails this neutrality requirement because TIC is a repeat player before the AAA.[5] Doc. 13 at 13–14. This argument is unavailing.

It is true that California courts have expressed concern that the "repeat player" effect may render certain arbitration arrangements biased in favor of employers and other large entities that frequently appear in arbitration. *See Armendariz*, 24 Cal. 4th at 115; *Mercuro v. Superior Ct.*, 96 Cal. App. 4th 167, 178 (2002). But at the same time, "California courts have uniformly concluded that the AAA provides a neutral forum for dispute resolution." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1302 (9th Cir. 2006) (O'Scannlain, J., concurring in pertinent part) (citing *Armendariz*, 99 Cal. Rptr. 2d 745; *Izzi v. Mesquite Country Club*, 186 Cal. App. 3d 1309, 1318 (1986) (the AAA is not "presumptively biased against either party. The rules of the [AAA] . . . are generally regarded to be neutral and fair.")).[6] Moreover, California courts have specifically rejected the notion that the repeat player effect compromises the AAA's neutrality. *See Henderson v. Superior Ct.*, No. B219024, 2010 WL 745161, at *5 (Cal. Ct. App. Mar. 5, 2010) (unpublished op.) (rejecting argument that AAA's neutrality was compromised in cases where employer was a repeat player) (citing *Armendariz*, 24 Cal. 4th at 115); *see also Nagrampa*, 469 F.3d at 1285 (majority op.) ("merely raising the 'repeat player effect' claim, without presenting more particularized evidence demonstrating impartiality, is insufficient under California law to support an unconscionability finding. Nagrampa has not specifically pointed to evidence of bias on the part of the AAA or its arbitrators.") (internal citations omitted).

In sum, the AAA is widely regarded as a neutral arbitrator. Plaintiff cites no case law questioning the AAA's neutrality. Nor does he present "particularized evidence demonstrating impartiality." *Nagrampa*, 469 F.3d at 1285. We find no merit in Plaintiff's argument that the AAA will be biased towards Defendants.

### C. Attorneys' Fees

Defendants request attorneys' fees, arguing that Plaintiff filed this action in bad faith. "[A] court may assess attorneys' fees . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for

---

[5] Plaintiff contends, based on the date when TIC's Jobsite and Drug and Alcohol Policies and Defendants was last restated, that TIC has had a relationship with AAA since at least 2010. Doc. 13 at 13 (citing Doc. 8-2).

[6] For other California cases recognizing the neutrality of the AAA, see *Jackson*, 2014 WL 1232215, at *10; *Asfaw v. Lowe's HIW, Inc.*, No. LA CV14-00697 JAK, 2014 WL 1928612, at *8 (C.D. Cal. May 13, 2014); *Collins v. Diamond Pet Food Processors of Cal., LLC*, No. 2:13-CV-00113-MCE, 2013 WL 1791926, at *7 (E.D. Cal. Apr. 26, 2013); *Henderson v. Superior Ct.*, No. B219024, 2010 WL 745161, at *5 (Cal. Ct. App. Mar. 5, 2010) (unpublished op.); *Smith v. Sara Lee Fresh, Inc.*, No. CIV. S0701374WBSEFB, 2007 WL 4356725, at *6 (E.D. Cal. Dec. 11, 2007); *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1126–27, 1130 n.21 (1999).

*FILED*
*JS-6 (STAYED)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6649-GHK (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | *Ronny Jay Archer v. TIC – The Industrial Company, et al.* | | |

oppressive reason." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975) (citations and quotation marks omitted). The Ninth Circuit has held that "the award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1383 (9th Cir. 1984). Courts have found bad faith where the party opposing arbitration used litigation as a "dilatory tactic" and made arguments that were clearly contrary to controlling case law. *Int'l Union of Painters Allied Trades Dist. Council Local No. 15 v. Diversified Flooring Specialist, Inc.*, No. 206-CV-0358-RLH-PAL, 2007 WL 923936, at *6 (D. Nev. Mar. 23, 2007).

Here, the law is not so clear as to be beyond good-faith dispute. Nor is there any indication that Plaintiff brought this action for an ulterior purpose. Therefore, we deny Defendants' request for attorneys' fees.

**V.     Conclusion**

Defendants' motion to compel arbitration is **GRANTED**. Because we are satisfied that Plaintiff's claims are referrable to arbitration under a written arbitration agreement, we will **STAY** this action. *See* 9 U.S.C. § 3. The Clerk of the Court is directed to administratively close this matter.

**IT IS SO ORDERED.**

**CC: ADR**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | DG for PS |